UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMARI J. MOODY,<br><br>      Plaintiff,<br><br>  -against-<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>      Defendant. | 26-CV-0109 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff brings this action *pro se*. Plaintiff applied to the Social Security Administration (SSA) for benefits while residing in New York and has since relocated to Dacula, Georgia. Plaintiff brings this action under the Administrative Procedure Act, 5 U.S.C. §§ 555(b), 706(1), asserting a claim for unreasonable delay in the adjudication of his application for Supplemental Security Income (SSI). Plaintiff also styles this action as one for mandamus relief.

  For the following reasons, this action is transferred to the United States District Court for the Northern District of Georgia.

## DISCUSSION

  An action seeking review of the Commissioner of Social Security's decision denying benefits under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), may be brought only in "the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia." 42 U.S.C. § 405(g); *see* § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under [§ 1383(c)(1)] shall be subject to judicial review as provided in section 405(g).").

Here, Plaintiff seeks to compel the SSA to act within a reasonable time, rather than seeking review of a final decision of the SSA. *See, e.g.*, *Barnett v. Califano*, 580 F.2d 28, 31 (2d Cir. 1978) (addressing claims of unreasonable delays in the adjudication of claims for Social Security Insurance benefits); *Bamberg v. Astrue*, No. 10-CV-6348 (CM) (THK), 2011 WL 4000898, at *7 (S.D.N.Y. Sept. 8, 2011) (mandamus jurisdiction appropriate where claimant timely requested hearing yet request had not been processed for more than four years), *Report and Recommendation adopted without opinion* (S.D.N.Y. Sept. 8, 2011). The general venue statute therefore applies to this action.

> Under the general venue statute, a civil action may be brought in
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Under the SSA's Program Operations Manual Systems (POMS), when an applicant for benefits relocates to a different district, the applicant's servicing office changes to the new location. *See* POMS GN 00904.058 ("When a principal claimant moves to another district, his/her new servicing office will immediately become the resident office. . . ."). Plaintiff indicates that he applied for benefits in New York in June 2025, but that SSA "was aware" in "early September 2025," that Plaintiff had relocated to Georgia. (ECF 1 at 3.) Plaintiff indicates

that his application has been delayed, and he has not had a hearing before an Administrative Law Judge. (*Id.* at 4.)

It appears from the allegations of the complaint that Plaintiff's application is pending in Dacula, which is located in Gwinnett County, Georgia. Gwinnett County is in the Northern District of Georgia, 28 U.S.C. § 90(a)(2), and it is reasonable to expect that all relevant documents will be in that district. Transfer to the United States District Court for the Northern District of Georgia therefore appears to be appropriate in this case.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Georgia, Atlanta Division. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 8, 2025
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge